Jordan A. Sigale (Ill. ARDC 6210047)
Admitted *pro hac vice*
jsigale@dunlapcodding.com
Julie Langdon (Ill. ARDC 6291722)
Admitted *pro hac vice*
jlangdon@dunlapcodding.com
**DUNLAP CODDING PC**
225 West Washington St., Ste. 2200
Chicago, IL 60606
Tel: 312.651.6744

-and-

Douglas J. Sorocco (OK. Bar 17347, Ill. ARDC 2381747); Admitted *pro hac vice*
dsorocco@dunlapcodding.com
Evan Talley (OK Bar 22923) Adm.*Pro hac Vice*;
etalley@dunlapcodding.com
**DUNLAP CODDING PC**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel:    405. 607.8600

Attorneys for Plaintiff
Barbaro Technologies, LLC

DARIN W. SNYDER (SB #136003)
dsnyder@omm.com
LUANN L. SIMMONS (SB #203526)
lsimmons@omm.com
ALEXANDER B. PARKER (SB #264705)
aparker@omm.com
JOHN X. ZHU (SB #310857)
jzhu@omm.com
JIANING (JENNY) LIU (SB #305568)
jianingliu@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Attorneys for Defendant
Niantic, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARBARO TECHNOLOGIES, LLC<br><br>        Plaintiff(s),<br><br>    vs.<br><br>NIANTIC, INC.<br><br>        Defendant(s). | Case Number: 18-cv-02955-RS<br><br>STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION |

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

10. Each requesting party shall limit its email production requests to a total of six custodians per producing party for all such requests. The parties may jointly agree to modify this

**Stipulation & Order Re: Discovery of Electronically Stored Information for Patent Litigation** - 2 - CASE NO.: 3:18-cv-02955-RS

1 limit without the Court's leave. The Court shall consider contested requests for additional
2 custodians, upon showing a distinct need based on the size, complexity, and issues of this
3 specific case. Cost-shifting may be considered as part of any such request.

4    11. Each requesting party shall limit its email production requests to a total of five search
terms per custodian per party. The parties may jointly agree to modify this limit without the
Court's leave. The Court shall consider contested requests for additional search terms per
custodian, upon showing a distinct need based on the size, complexity, and issues of this specific
case. The Court encourages the parties to confer on a process to test the efficacy of the search
terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such
as the producing company's name or its product name, are inappropriate unless combined with
narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive
combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search
and shall count as a single search term. A disjunctive combination of multiple words or phrases
(*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a
separate search term unless they are variants of the same word. Use of narrowing search criteria
(*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered
when determining whether to shift costs for disproportionate discovery. Should a party serve
email production requests with search terms beyond the limits agreed to by the parties or granted
by the Court pursuant to this paragraph, this shall be considered in determining whether any
party shall bear all reasonable costs caused by such additional discovery.

21    12. Nothing in this Order prevents the parties from agreeing to use technology assisted
review and other techniques insofar as their use improves the efficacy of discovery. Such topics
should be discussed pursuant to the District's E-Discovery Guidelines.

25    **IT IS SO STIPULATED**, through Counsel of Record.

**Stipulation & Order Re: Discovery of Electronically Stored Information for Patent Litigation** — - 3 - — CASE NO.: 3:18-cv-02955-RS

August 16, 2018

Respectfully submitted,

**DUNLAP CODDING, PC**

By /s/ Jordan A. Sigale
Jordan A. Sigale
225 West Washington St., Ste. 2200
Chicago, IL 60606
Tel: 312.651.6744

Attorneys for Plaintiff
Barbaro Technologies, LLC

**O'MELVENY & MYERS LLP**

By /s/ Luann L. Simmons
Luann L. Simmons
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Attorneys for Defendant
NIANTIC, INC.

## ECF ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

Dated: August 16, 2018

/s/ Jordan A. Sigale
Jordan A. Sigale

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 8/29, 2018

THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**Stipulation & Order Re: Discovery of Electronically Stored Information for Patent Litigation**

- 4 -

CASE NO.: 3:18-cv-02955-RS