Jordan A. Sigale (Ill. ARDC 6210047) Admitted *pro hac vice*
jsigale@dunlapcodding.com
Julie Langdon (Ill. ARDC 6291722) Admitted *pro hac vice*
jlangdon@dunlapcodding.com
**DUNLAP CODDING PC**
225 West Washington St., Ste. 2200
Chicago, IL 60606
Tel: 312.651.6744

-and-

Douglas J. Sorocco (OK. Bar 17347, Ill. ARDC 2381747); Admitted *pro hac vice*
dsorocco@dunlapcodding.com
Evan Talley (OK Bar 22923) Adm.*Pro hac Vice*; etalley@dunlapcodding.com
**DUNLAP CODDING PC**
609 West Sheridan Avenue
Oklahoma City, OK 73102
Tel:     405. 607.8600

*Attorneys for Plaintiff*
*Barbaro Technologies, LLC*

DARIN W. SNYDER (SB #136003)
dsnyder@omm.com
LUANN L. SIMMONS (SB #203526)
lsimmons@omm.com
ALEXANDER B. PARKER (SB #264705)
aparker@omm.com
BILL TRAC (SB #281437))
btrac@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

*Attorneys for Defendant*
*Niantic, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BARBARO TECHNOLOGIES, LLC,**,**<br><br>                              Plaintiff,<br><br>        v.<br><br>NIANTIC, INC.,<br><br>                              Defendant. | **Case No. 3:18-cv-02955-RS**<br><br>**JOINT MOTION AND ORDER FOR ENTRY OF FINAL JUDGMENT** |

1       On January 30, 2018, Barbaro Technologies, LLC ("Barbaro") filed its Complaint against

2  Niantic, Inc. ("Niantic") for infringement of U.S. Patent Nos. 7,373,377 ("'377 Patent") and

3  8,228,325 ("'325 Patent") (collectively "the Patents-in-Suit") in the United States District Court

4  for the Central District of California.  Dkt. No. 1.

5       On April 5, 2018, after the case was transferred to the United States District Court for the

6  Northern District of California, Niantic filed its Answer and defenses to Barbaro's Complaint.

7  Niantic did not assert any counterclaims.  Dkt. No. 24.

8       On September 6, 2018, Barbaro served its Amended Asserted Claims and Preliminary

9  Infringement Contentions identifying the asserted claims as claims 1-3, 5-8, 10-12, 15-17, 19, 24-

10  25 of the '377 Patent and claims 1, 3, and 5-6 of the '325 Patent. Barbaro later withdrew claim 5

11  of the '325 Patent as an asserted claim. *See* Dkt. No. 120, Plaintiff's Response in Opposition to

12  Defendant's Rule 12(c) Motion for Judgment on Pleadings of Invalidity Under 35 U.S.C. 101, at

13  2, n.2; Dkt. No. 123, Order Granting Motion for Judgment on the Pleadings at 1, n.1. The

14  "Asserted Claims" in this case, therefore, are: claims 1-3, 5-8, 10-12, 15-17, 19, 24-25 of the '377

15  Patent and claims 1, 3, and 6 of the '325 Patent.

16       On February 12, 2020 the Court issued its Order Construing Claims, providing its

17  construction of the terms recited in the Asserted Claims. Dkt. No. 116. In particular, the Court

18  determined that the claim term "digital logic library," recited in all independent claims of the '377

19  Patent, is indefinite. *Id*. at 8. Because this claim term is found in each independent claim of the

20  '377 Patent, it is also incorporated in all the asserted claims of the '377 Patent.

21       On April 23, 2020 Niantic filed a Motion for Judgment on the Pleadings of Invalidity

22  Under 35 U.S.C. § 101 on the '325 Patent. Dkt. No. 119.

23       On May 21, 2020, the Court granted Niantic's Motion for Judgment on the Pleadings,

24  finding all asserted claims of the '325 Patent invalid under 35 U.S.C. § 101 ("Order Granting

25  Motion for Judgment on the Pleadings").  Dkt. No. 123.

26       On June 2, 2020, Barbaro filed a Motion for Leave to File a Motion for Reconsideration

27  of the Court's Order Granting Motion for Judgment on the Pleadings, and the Court issued an

28  Order requesting responsive briefing on June 4, 2020. Dkt. No. 125.

On August 11, 2020, the Court denied Barbaro's Motion for Reconsideration. Dkt. No. 129.

Because the Court's orders have now disposed of all Asserted Claims, Barbaro and Niantic jointly request that the Court enter a final judgment pursuant to Federal Rule of Civil Procedure 58(d) in favor of Niantic and against Barbaro as follows:

1. Claims 1-3, 5-8, 10-12, 15-17, 19, and 24-25 of U.S. Patent No. 7,373,377 are invalid.

2. All of Barbaro's allegations of infringement of U.S. Patent No. 7,373,377 are dismissed with prejudice.

3. Claims 1, 3, and 6 of U.S. Patent No. 8,228,325 are invalid.

4. All of Barbaro's allegations of infringement of U.S. Patent No. 8,228,325 are dismissed with prejudice.

A proposed form of judgment accompanies this Motion.

Barbaro reserves all appellate rights arising from this Action including, but not limited to, the right to appeal the Order Construing Claims (and the right to challenge the construction of any disputed claim terms on appeal), the Order Granting Motion for Judgment on the Pleadings, and the Order Denying Barbaro's Motion for Reconsideration. Barbaro reserves all rights to oppose by submission any Motion by Niantic to seek fees and costs.

Niantic reserves all appellate rights arising from this Action including, but not limited to, the right to seek affirmance of final judgment on the grounds in the Court's Orders or on alternate grounds. Niantic reserves all rights to seek fees and costs.

JOINT MOTION FOR ENTRY OF FINAL JUDGEMENT CASE NO.: 3:18-cv-02955-RS

1    DATED:  October 6, 2020          **DUNLAP CODDING, PC**

2

3                                     By:   */s/ Jordan A. Sigale*
                                      _____
4                                     Jordan A. Sigale, Illinois ARDC No. 6210047
                                      **ATTORNEYS FOR PLAINTIFF BARBARO**
5                                     **TECHNOLOGIES, LLC.**

6
     DATED:  October 6, 2020          **O'MELVENY & MYERS LLP**
7

8                                     By:   */s/ Luann L. Simmons*
                                      _____
9                                     Luann L. Simmons
                                      **ATTORNEYS FOR DEFENDANT**
10                                    **NIANTIC, INC.**

11

12                      <u>**CERTIFICATE OF SERVICE**</u>

13        I certify that all counsel of record is being served on October 6, 2020, with a copy of this

14   document via the Court's CM/ECF system.

15                                              */s/ Jordan A. Sigale*
                                      _____
16                                              JORDAN A. SIGALE

17                      <u>**FILER'S ATTESTATION**</u>

18        Pursuant to Local Rule 5-1(i)(3), I hereby attest that the other signatory listed, on whose

19   behalf the filing is submitted, concurs in the filing's content and has authorized the filing.

20                                              */s/ Jordan A. Sigale*
                                      _____
21                                              JORDAN A. SIGALE

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FINAL JUDGMENT

Before the Court is the Joint Motion for Entry of Final Judgement filed by Barbaro Technologies, LLC ("Barbaro") and Niantic, Inc. ("Niantic") in the captioned case.  For the reasons stated in the Joint Motion, the Court's Order Construing Claims (Dkt. No. 116), the Court's Order Granting Motion for Judgment on the Pleadings (Dkt. No. 123), the Court's Order Denying Barbaro's Motion for Reconsideration (Dkt. No. 129), and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT judgment be and is hereby entered in favor of Defendant Niantic, Inc. and against Plaintiff Barbaro Technologies, LLC ("Barbaro") as follows:

1.  Claims 1-3, 5-8, 10-12, 15-17, 19, and 24-25 of U.S. Patent No. 7,373,377 are invalid.

2.  All of Barbaro's allegations of infringement of U.S. Patent No. 7,373,377 are dismissed with prejudice.

3.  Claims 1, 3, and 6 of U.S. Patent No. 8,228,325 are invalid.

4.  All of Barbaro's allegations of infringement of U.S. Patent No. 8,228,325 are dismissed with prejudice.

Furthermore, Niantic may seek fees and costs, and Barbaro may oppose by submission any Motion by Niantic to seek fees and costs.

**IT IS SO ORDERED**

DATED:  October 14, 2020

_____
The Honorable Richard Seeborg
United States District Court

JOINT MOTION FOR ENTRY OF FINAL
JUDGEMENT CASE NO.: 3:18-cv-02955-RS